OPINION
London Byrd appeals from a judgment of the common pleas court finding him to be a sexual predator and sentencing him to five years incarceration following his plea of guilty to gross sexual imposition. The assignments of error presented for our review challenge the imposition of a maximum sentence, the constitutionality of the sexual predator law, and the adequacy of the hearing the court conducted prior to making the sexual predator determination. For the reasons which follow, we find no error and affirm the judgment of the trial court.
The record before us reveals that on May 16, 1997, London Byrd pled guilty to gross sexual imposition in connection with incidents involving his seven-year-old cousin, which occurred in June and July of 1996. Following Byrd's conviction, the court conducted a sentencing hearing, considered the presentence investigation report, Byrd's admissions to the probation department that he fondled the girl, his admitted drug use, his lack of stable employment, his extensive criminal record which included convictions for robbery, arson, assault and battery, and drug abuse, and his lack of remorse, and found him to be a sexual predator. The court then sentenced him to five years incarceration.
Byrd now appeals from both his sentence and the court's determination of him as a sexual predator and presents nine assignments of error for our consideration, several of which have been adjudicated in other cases and those decisions control the outcome of our review on the basis of stare decisis.
The third assignment of error states:
 H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ARTICLE I, SECTION 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SECTION 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
This same issue has been decided in State v. Cook (1998),83 Ohio St.3d 404, where the syllabus reads:
 1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II
of the Ohio Constitution.
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I
of the United States Constitution.
Accordingly, this assignment of error is overruled.
Next, we consider assignments of error II, V, VI, VII, VIII, and IX which state:
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF R.C. 2950.09 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND "THE RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII.
H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 IX. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.
These concern issues which have been decided by a panel of our court in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, ___ Ohio App.3d ___. Accordingly, in conformity with that opinion, we overrule these assignments of error.
Thus, our substantive review of this case concerns only assignments of error I and W.
The first assignment of error states:
 I. THE TRIAL COURT UNLAWFULLY SENTENCED APPELLANT TO THE MAXIMUM POSSIBLE SENTENCE, SINCE THE COURT DID NOT MAKE THE REQUISITE FINDINGS REQUIRED BY R.C. 2929.19.
Byrd argues that the court erred in sentencing him to a maximum term of five years because it failed to make the required findings in the record to support a maximum sentence. The state maintains the court properly considered the facts of this crime, Byrd's history of criminal activity, and made the required findings. Thus, the issue before us concerns whether the court erred in imposing a maximum sentence in this case.
R.C. 2929.11(A) sets forth two overriding purposes of felony sentencing: to protect the public from future crime and to punish the offender; subsection (B) mandates a felony sentence be reasonably calculated to achieve these purposes. Further, R.C.2929.12 specifically vests discretion in the sentencing court to determine the most effective way to comply with the purposes of sentencing, but requires the court to consider factors listed in section (B) and (C) regarding the seriousness of the conduct and the factors in (D) and (E) regarding the likelihood of recidivism.
R.C. 2929.14(C) restricts the trial courts ability to impose a maximum sentence with this language:
 * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *. (Emphasis added.)
The transcript of the sentencing hearing in this case reveals the trial court considered and referenced Byrd's criminal history dating back to 1984 including convictions for robbery, arson, assault and battery and drug abuse, and concluded and declared Byrd to be a recidivist. The court also noted the victim was Byrd's seven-year-old cousin, that she had been injured psychologically, that he had exhibited a past pattern of drug and alcohol abuse and claimed to have smoked a sheebe joint precipitating this offense, and that he showed no remorse for this crime.
Since the trial court has discretion to determine the most effective way to protect the public from future crime and to punish the offender and since R.C. 2929.14(C) permits the court to impose a maximum sentence on those who have committed the worst forms of an offense or who pose the greatest likelihood of committing future crimes, we cannot conclude the court abused its discretion in imposing a maximum sentence in this case where the record supports a conclusion that Byrd committed one of the worst forms of this offense and poses the greatest likelihood of committing future crimes. Accordingly, this assignment of error is not well taken.
The fourth assignment of error states as follows:
 IV. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Byrd next contends that the court erred in determining him to be a sexual predator because the state did not present clear and convincing evidence he is likely to participate in sexually oriented offenses in the future. The state maintains that it met its burden in this instance. Thus, the issue concerns whether the record contains clear and convincing evidence that Byrd is likely to engage in the future in sexually oriented offenses.
R.C. 2950.01(E) defines the term "sexual predator" to include a person who has been convicted of a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
Further, R.C. 2950.09(B) states in part:
 (E) After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * *.
To guide the court in making its determination, R.C.2950.09(B)(2) mandates the court to consider all relevant factors including but not limited to:
(a) The offenders age;
(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
(h) The nature of the offenders sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offenders conduct.
Here, the transcript of proceedings reveals the trial court classified Byrd as a sexual predator based upon several of the factors listed in R.C. 2950.09 including his age of thirty years; his criminal record; the age of the victim, seven; that Byrd had smoked a sheebe joint to get high; and that he had caused psychological harm to the victim and showed no remorse for his actions. This record here then supports the courts determination that Byrd is a sexual predator. Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendants conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE. PJ., and
 JOHN T. PATTON. J: CONCUR
TERRENCE O'DONNELL